IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

In Re:   Billy R. Melot, Debtor

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                                                No. CV 13-0895 WJ/LAM

BILLY R. MELOT, Debtor,

       Defendant.

# **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]**

**THIS MATTER** is before the Court on Defendant's Motion to File a Surreply [*Doc. 7*], filed October 9, 2013, and Motion to Voluntarily Withdraw Chapter 7 Bankruptcy [*Doc. 11*], filed December 2, 2013.  No responses to the motions have been filed and the time for doing so has passed.  On August 27, 2014, United States District Judge William P. Jonson referred this action and the claims raised in these motions to the undersigned for proposed findings and a recommended disposition, and a hearing, if necessary.  [*Doc. 14*].  Having considered the motions, record in this case, and relevant law, the undersigned recommends, for the reasons set forth below, that Defendant's Motion to File a Surreply [*Doc. 7*] and Motion to Voluntarily Withdraw Chapter 7 Bankruptcy [*Doc. 11*] be **DENIED**.

---

[1] Within fourteen (14) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court for the District of New Mexico within the fourteen (14) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.   If no objections are filed, no appellate review will be allowed.  Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within fourteen (14) days after being served with a copy of the objections.

**PROCEDURAL HISTORY**

On September 17, 2013, an Expedited Motion to Withdraw the Reference to the Bankruptcy Court Pursuant to 28 U.S.C. § 157(d) was filed by the United States, thereby opening this case. [*Doc. 1*]. On September 23, 2013, a response to the motion was filed [*Doc. 3*], and on September 30, 2013 a reply was filed [*Doc. 5*]. On October 9, 2013, Defendant filed his Motion to File a Surreply with regard to the Motion to Withdraw the Reference. [*Doc. 7*].2 On October 18, 2013, the Court granted the Motion to Withdraw the Reference, stating that "[t]he United States District Court Judge shall continue adjudicating all such issues in and as part of District Court Case No. 09-cv-00752 JCH/WPL." [*Doc. 10*]. This order also lifted the automatic stay under 11 U.S.C. § 362 in Case No. 09-752 JCH/WPL. *Id.* Specifically, this order allowed the following issues to proceed in Case No. 09-275 JCH/WPL: "(1) the United States' lien interest in the Melots' real and personal properties; (2) the United States' right to foreclose upon the Melot real properties, including water rights and personal property; (3) the United States' sale of the Melots' real properties with water rights and personal properties; and (4) distribution of the sales proceeds from the same." *Id.* On December 2, 2013, Defendant filed a Motion to Voluntarily Withdraw Chapter 7 Bankruptcy. [*Doc. 11*]. On January 24, 2014, Defendant filed a Notice stating that Defendant "has petitioned the Bankruptcy Court in [Bankruptcy Case No. 13-12928-j7] to voluntarily dismiss the Petition for Bankruptcy, Chapter 7." [*Doc. 12*].

In addition to reviewing these documents, the Court reviewed the Bankruptcy Court docket in Case Number 13-12928-j7. On December 2, 2013, Defendant filed a Motion to Voluntarily Withdraw Chapter 7 in the Bankruptcy Court case (*Doc. 32*, filed in Bankruptcy Case

---

2 Defendant's motion is titled "Debtor, Billy R. Melot's Motion to File a Surreply to United States' Response in Opposition, Docket No. 20." [*Doc. 7*]. It appears that Defendant's reference to "Docket No. 20" is in regard to the document number of the United States' reply to its Motion to Withdraw the Reference filed in Bankruptcy Court Case Number 13-12928-j7 as Document Number 20.

No. 13-12928-j7), which is identical to *Doc. 10* filed in this case.  On January 7, 2014, the judge in the bankruptcy case entered an order regarding Defendant's motion to dismiss his bankruptcy case, giving Defendant until January 21, 2014 in which to serve notice of the motion to dismiss the bankruptcy case on all creditors and parties listed in the mailing matrix attached to the order. [*Doc. 34*, filed in Bankruptcy Case No. 13-12928-j7].  On January 21, 2014, Defendant filed a Notice to voluntarily dismiss his Bankruptcy Chapter 7 case in the Bankruptcy Court case (*Doc. 36*, filed in Bankruptcy Case No. 13-12928-j7), which is identical to *Doc. 12* filed in this case.  This Notice appears to be Defendant's notification to all creditors and parties listed in the mailing matrix attached to the Bankruptcy Court's order at *Document 34* (*see Doc. 36*, filed in Bankruptcy Case No. 13-12928-j7, at 2-3), but the Court does not comment on the sufficiency of Defendant's compliance with the Bankruptcy Court's order.

## FINDINGS

Based on the foregoing filings and proceedings, the Court recommends that both of the motions referred to the undersigned be **DENIED**.  First, Defendant's Motion to File a Surreply [*Doc. 7*] relates to the Motion to Withdraw the Reference, which has already been ruled on by the presiding judge in this case.  *See* [*Doc. 10*].  Therefore, the Court finds that Defendant's Motion to File a Surreply [*Doc. 7*] is moot.

Second, Defendant's Motion to Voluntarily Withdraw Chapter 7 Bankruptcy [*Doc. 11*], is a motion asking to dismiss Defendant's Chapter 7 bankruptcy proceeding.  That motion is currently pending before the Bankruptcy Court, and the Bankruptcy Court has already entered an order regarding service of the motion to the creditors and parties in that case.  *See* [*Doc. 34*, filed in Bankruptcy Case No. 13-12928-j7].  This dismissal of Defendant's Chapter 7 Bankruptcy proceeding is an issue for the Bankruptcy Court to decide.  *See* 28 U.S.C. § 157(b)(1)

("Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11."). While the presiding judge in this case has withdrawn the reference to the Bankruptcy Court of certain specific issues in Defendant's bankruptcy proceeding, the ultimate decision of whether Defendant may voluntarily dismiss his entire bankruptcy proceeding was not an issue withdrawn by the presiding judge from the Bankruptcy Court's jurisdiction. *See* [*Doc. 10*] (stating that reference of four specific issues, as set forth *supra*, was withdrawn). Therefore, the Court recommends that Defendant's Motion to Voluntarily Withdraw Chapter 7 Bankruptcy [*Doc. 11*] be denied.

### RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned recommends that Defendant's Motion to File a Surreply [*Doc. 7*] and Motion to Voluntarily Withdraw Chapter 7 Bankruptcy [*Doc. 11*] be **DENIED**. The Court further recommends that this case be dismissed as there remain no pending issues between the parties that require judicial determination in this case.

_____
**LOURDES A. MARTÍNEZ**
**United States Magistrate Judge**